Filed 5/19/21  P. v. Corcoran CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>RANDALL ALLEN CORCORAN,<br><br>　　　Defendant and Appellant. | F079843<br><br>(Fresno Super. Ct. No. F16906293)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James Kelley, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Meehan, Acting P.J., Snauffer, J. and De Santos, J.

## INTRODUCTION

Appellant and defendant Randall Allen Corcoran pleaded no contest to second degree murder pursuant to a negotiated disposition and was sentenced to 15 years to life. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On December 17, 2015, at around 5:25 p.m., defendant was driving his Chevrolet Silverado westbound on Clarkson Avenue, west of Bethel Avenue in Fresno County, at an unknown speed. He approached a Honda Civic driven by Matthew Cuellar (age 26), who was travelling eastbound on Clarkson Avenue, at approximately 50 miles per hour. The passengers in the Honda were Mr. Cuellar's wife, Sharnae (age 24); Mr. Cuellar's cousin, Xavier (age 24); and the Cuellars' three children, ages two, three, and five years old, who were restrained in child seats in the back seat.

As defendant approached Mr. Cuellar's vehicle, he failed to maintain within his lane, drove across the broken yellow centerline, into the eastbound lane, directly into the path of Mr. Cuellar's car. Mr. Cuellar turned to the right, in an attempt to avoid a head-on collision. The left front of defendant's pickup collided with the left front of Mr. Cuellar's Honda Civic.

Both Mr. and Mrs. Cuellar suffered fatal injuries from the impact and died at the scene. Mr. Cuellar suffered blunt force trauma to his head and chest. Mrs. Cuellar was sitting in the left rear passenger seat, and suffered blunt force trauma to her head, chest, and abdomen.

---

[1] The parties stipulated to the police reports as the factual basis for defendant's plea. Consistent with that stipulation, the following factual summary is from the investigative reports cited in the probation report.

Mr. and Mrs. Cuellar's five-year-old child suffered a skull fracture, brain bleed, multiple facial fractures, and a broken right leg. She was transported to Community Regional Medical Center (CRMC) via helicopter, and later transferred to Valley Children's Hospital in critical condition. The child was subsequently released from the hospital to family members, and the treating physician advised the child would have a long recovery.

Mr. and Mrs. Cuellar's two younger children suffered bruises on their bodies. They were treated at the hospital and released to family members that night.

Mr. Cuellar's cousin, Xavier was sitting in the front right seat, suffered arm and leg injuries. He survived the collision and reported what happened. Mrs. Cuellar picked up Mr. Cuellar and Xavier from their jobs at Harris Ranch. Xavier saw Mrs. Cuellar strap the children into their car seats, and Mr. Cuellar drove them back home. Xavier noticed the headlights from another car were approaching them, and the car drifted into their lane. Xavier said Mr. Cuellar tried to move to the right to avoid the vehicle, but the other vehicle suddenly made a left turn and hit the front of their car and sent it into spin.

Xavier said when the car stopped spinning, he was in shock; everyone was bleeding, and the children were crying. Xavier tried to wake up Mr. Cuellar, but he did not respond.

Defendant suffered a broken neck, broken back, broken right ankle, broken right leg, and a lacerated spleen, and was transported to CRMC for treatment. After defendant was taken to the hospital, an officer met with him and believed he detected the odor of alcohol emanating from him. Defendant was going in and out of consciousness and not able to perform field sobriety tests. The nurse advised the officer that defendant was about to receive medication. The officer arrested defendant and asked the nurse to perform a blood draw due to exigent circumstances before the medication was administered.

Defendant's blood test was positive for methamphetamine and Alprazolam (Xanax). Defendant's clothes were later searched. A metal container in his pocket contained 14 and one-half Xanax pills. He did not have a driver's license.

On December 24, 2015, an officer again met with defendant at the hospital, he was advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, and he agreed to answer questions. Defendant did not believe anything occurred on December 17, 2015, and he could not recall a traffic collision on that date. He denied ingesting any alcohol, drugs, or medications on the day of the collision. He did not know why he was driving without a driver's license, but he knew his license was suspended. Defendant remembered that he was admonished pursuant to *People v. Watson* (1981) 30 Cal.3d 290, during his prior DUI conviction, as well as the probation condition of not driving while under the influence of drugs or alcohol. Defendant tried to remember the traffic collision but was unsuccessful.

In 2019, shortly before his plea in this case, defendant told the probation officer that he had been "clean and sober" for 18 years but "fell off the wagon" after his son was killed. (The probation report stated that defendant's son died in a motorcycle accident in 2004.) At the time of the fatal collision, defendant was in drug court in Tulare County. Defendant said he tried to attend treatment classes but failed to do so and went to jail for 30 days instead.

## PROCEDURAL HISTORY

On April 17, 2017, an information was filed in the Superior Court of Fresno County charging defendant with counts 1 and 2, murder of Mr. and Mrs. Cuellar (Pen. Code, § 187, subd. (a));[2] and count 3, driving while under the influence of a drug and proximately causing bodily injury to John Doe (Veh. Code, § 23153, subd. (e)), with a great bodily injury enhancement.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

4.

## Denial of suppression motion

On May 25, 2017, defendant filed a motion to suppress the evidence from the blood draw because it was conducted without a warrant (§ 1538.5). On June 8, 2017, the prosecution filed opposition and argued the blood draw was based on probable cause and exigent circumstances.

On October 12 and 30, 2017, the court held a hearing on the motion and denied it. The court found there was probable cause and exigent circumstances, based on evidence that the paramedic told the officer that he smelled the strong odor of alcohol from defendant; in the emergency room, a nurse told the officer that it was necessary to give defendant medication; the officer reasonably believed the medication would have contaminated the results of a blood test; and the officer could not have delayed defendant's medical treatment to obtain a warrant.

## Plea and sentencing

On May 16, 2019, an amended information was filed charging defendant with count 1, second degree murder of Mr. Cuellar (§ 187, subd. (a)); count 2, gross vehicular manslaughter while intoxicated of Mrs. Cuellar (§ 191.5, subd. (a)); count 3, driving while under the influence of a drug and causing injury to their minor child (Veh. Code, § 23153, subd. (f)), with enhancements for the infliction of great bodily injury, and causing death or bodily injury to more than one victim (Veh. Code, § 23558); and count 4, second degree murder of Mrs. Cuellar (§ 187, subd. (a)).

On the same day, defendant pleaded no contest to counts 1, 2, and 3, and admitted the enhancements as to count 3, pursuant to a negotiated disposition for a stipulated term of 15 years to life plus five years and dismissal of count 4. The parties stipulated to the police reports as the factual basis. Defendant signed a form where he knowingly and voluntarily waived his appellate rights as a condition of his no contest plea.

On June 26, 2019, defendant was sentenced to 15 years to life for count 1, second degree murder; the lower term of four years for count 2, gross vehicular manslaughter

5.

while intoxicated; a consecutive term of eight months (one-third the midterm) for count 3, driving while under the influence of a drug and causing injury, with four months (one-third the term) for the Vehicle Code section 23588 enhancement. The court ordered the term for the great bodily injury enhancement stricken.

The court ordered defendant to pay a $6,000 restitution fine (§ 1202.4, subd. (b)), with the same amount suspended pending completion of parole (§ 1202.45); and pay $120 in court security fees (§ 1465.8), $90 in criminal conviction assessments (Gov. Code, § 70373), and $296 for the presentence report.

**Postjudgment motions and orders**

On August 23, 2019, defendant filed a timely notice of appeal; the trial court denied his request for certificate of probable cause. On August 27, 2019, defendant filed another notice of appeal, and the trial court granted his renewed request for a certificate of probable cause.

On April 9, 2020, defendant filed an ex parte motion, in pro. per., to convert the fines into additional days of custody. On May 20, 2020, the trial court denied the motion.

On August 27, 2020, appellate counsel filed a motion with the trial court to reconsider the fines and fees pursuant to section 1237.2 because defendant lacked the ability to pay those amounts.

On September 3, 2020, the court granted defendant's request to reconsider the restitution fine and fees pursuant to section 1237.2. The court found defendant did not have the ability to pay based on the parties' stipulation that defendant was 62 years old and disabled, he was living on Social Security benefits at the time of the offenses, and he suffered serious physical injuries that "further reduced the likelihood that he would be able to work in prison during his life sentence." The court recalled and vacated its previous order imposing fines and fees.

On September 18, 2020, a new abstract of judgment was filed that restated defendant's prison sentence and omitted any restitution fine and fees.

6.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 2, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.